UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIRAM ALBERTO FELIZ,<br><br>                              Plaintiff,<br><br>             -against-<br><br>WESTCHESTER COUNTY; C.O. JANE DOE; C.O. FUMES; WESTCHESTER MEDICAL CENTER; C.O. CLARK,<br><br>                              Defendants. | 20-CV-6392 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Hiram Alberto Feliz, currently detained in the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983. By order dated August 26, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in the original pleading. Plaintiff filed an amended complaint on September 29, 2020, and the Court has reviewed it. The Court dismisses the amended complaint because it too fails comply with federal pleading rules. The Court grants Plaintiff one final opportunity to replead his claims.

## BACKGROUND

In the original pleading, Plaintiff alleged that he tripped on a crack in the cement while playing basketball, and that he was denied adequate and timely medical treatment for the resulting injury to his hand. Plaintiff also alleged that he was erroneously told that he was going to be released on probation. The sole defendant named was the Westchester County Department of Corrections (WCDOC). In the August 26, 2020 order, the Court directed Plaintiff to amend his complaint because: WCDOC is not a proper defendant; the complaint did not allege the personal involvement of any individual defendant; and there were insufficient facts to state any viable

§ 1983 claims, because Plaintiff had not alleged that any defendant was deliberately indifferent to his health or safety.

Named as Defendants in the amended complaint are Corrections Officer Jane Doe, C.O. Fumes, C.O. Clark, and Anthony Mettissi. Plaintiff reiterates that while playing basketball in the jail yard, he tripped on a crack in the cement and landed on his hand. Plaintiff was taken to the Westchester County Medical Center, where a doctor mistakenly said that Plaintiff's hand was not broken. Plaintiff saw an orthopedist two weeks later who correctly diagnosed the injury as a fracture or break. break. It "took months" for Plaintiff to have hand surgery "due to COVID-19." Plaintiff does not name any individual defendant in connection with the delay in medical care, but he alleges that Correction Officers Fumes and Clark failed to "make sure the crack in the ground got fixed" or "put a warning do not play sign up." (ECF No. 5 ¶ V.)

Next, Plaintiff asserts that an attorney, Anthony Mettissi, was "appointed" to his case. C.O. Jane Doe "called" Plaintiff's name "to see the judge on [his] case" because he was "allegedly going to be released on probation." But it "turns out it wasn't even [his] case," and he "had a whole crowd around [him]."

> Meanwhile I'm a "federal inmate" and I'm supposed to go to court privately. Everyone calling me a "snitch" and now I had to watch my back because [sic] all inmates hated me, wanted to steal from me, or fight me I thought I really was going home but I wasn't. It wasn't my case. I still stood as a target.

(*Id.*)

Plaintiff seeks money damages. (*Id.*)

**DISCUSSION**

**A.      The Injury and Delay in Medical Care**

The facts alleged regarding the injury Plaintiff sustained in the recreation yard and the medical treatment he received are insufficient to state a § 1983 claim. Plaintiff alleges that he tripped on a crack in the ground and injured himself, and that Fumes and Clark did not fix the crack or place a warning sign near it. These facts suggest a claim of negligence, which arises under state law, but does not show that any defendant was deliberately indifferent to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

The allegations about medical care for the resulting injuries could arguably give rise to a § 1983 claim, but Plaintiff does not name any defendant who was personally involved in delaying or denying him adequate medical care. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

**B.      Erroneous Information About Release**

Plaintiff claims that a Jane Doe correction officer and an attorney, Anthony Mettissi, gave him false information about being released from custody, which caused problems for him within the facility. While this incident caused Plaintiff distress and apparently generated a reaction from the other detainees, these facts simply do not give rise to an inference that either the Jane Doe correction officer or attorney Mettissi, violated Plaintiff's constitutional rights.[1] *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (holding that to state a § 1983 claim, a plaintiff must allege

---

[1] Even if Mettissi was a court-appointed lawyer, he is not a state actor for purposes of § 1983 liability. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)).

both that: (1) a right secured by the Constitution or laws of the United States was violated, and

(2) the right was violated by a state actor.)

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's claims, as alleged in his amended complaint, remain insufficient. Because it is not clear that granting Plaintiff an opportunity to again amend his claims would not be futile, Plaintiff is granted leave to file a second amended complaint. Plaintiff must provide facts suggesting that he was denied adequate or timely medical care and to name any individual defendants who were personally involved in those events. He must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-6392 (LLS). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the court will enter judgment and this matter will be closed.

SO ORDERED.

Dated:    November 5, 2020
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

---

First Name                   Middle Initial              Last Name

---

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

---

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

---

Current Place of Detention

---

Institutional Address

---

County, City                            State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State            Zip Code

Defendant 2:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State            Zip Code

Defendant 3:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State            Zip Code

Defendant 4:

First Name          Last Name              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State            Zip Code

Page 3

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6