UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/12/2021
```

HIRAM ALBERTO FELIZ,

                Plaintiff,

-against-

DR. ULLOA; C.O. FUMES; C.O. CLARK; DR. MAGILL,

                Defendants.

20-CV-6392 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, currently incarcerated in the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. In a second amended complaint, Plaintiff alleges that he tripped on a crack on the ground of a basketball court, and was denied timely and adequate medical care for the resulting injury to his hand.[1] By order dated August 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Judge Stanton twice granted Plaintiff leave to amend his complaint before this matter was reassigned to my docket. (ECF Nos. 5, 7.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.     Conditions-of-Confinement Claim**

Because Plaintiff was a pretrial detainee during the events giving rise to his claims, his claims that Defendants were deliberately indifferent to the unconstitutional conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a conditions-of-confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element requires a showing that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

The mental element requires a showing "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35.

The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

"District courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-of-confinement claim." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018

3

WL 3910829, at *3 (S.D.N.Y. Aug. 14, 2018) (collecting cases); *Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (allegations that defendants failed to repair cracks in bathroom floor or address leaks "at most, alleged that various defendants were negligent in failing to correct conditions).

Moreover, where a plaintiff fails to allege that a correction officer showed "deliberate indifference to the consequences of his conduct for those under his control and dependent upon him," *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988), the plaintiff fails to state facts showing that the mental element of a condition-of-confinement claim is satisfied, *see, e.g., Strange*, 2018 WL 3910929, at *1 (holding that the plaintiff had failed to show deliberate indifference where he alleged that he had slipped and fell upon exiting his cell shower and "he did not have a shower mat to protect him from slipping"); *Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *4 (S.D.N.Y. July 23, 2014) (holding that "[a] prisoner's bare complaint about a slippery floor, without more, does not state an arguable claim of deliberate indifference.").

Plaintiff seeks to show that Officers Fumes and Clark were responsible for the condition that caused him to trip and injure himself. But his allegations suggest a garden-variety claim for negligence that arises under state law – not the United States Constitution. Because Plaintiff has not pleaded facts showing that Officers Fumes or Clark caused a violation of his constitutional rights, Plaintiff fails to state a claim under § 1983 on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff has already been granted leave on two occasions to replead this claim under § 1983, and

Plaintiff has failed thus far to cure his claim to date. Plaintiff will be afforded one more opportunity. Should Plaintiff wish to assert a state law negligence claim, a claim under § 1983, or both such claims, he may do so in a third amended complaint.[3]

## ORDER OF SERVICE

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

---

[3] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." The Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claim).

To allow Plaintiff to effect service on Defendants C.O. Fumes, C.O. Clark, Dr. Ulloa, and Dr. Magill through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The §1983 claim against C.O. Fumes and C.O. Clark arising out of the cracked basketball court is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to assert a state law negligence claim, a claim under § 1983, or both such claims should he wish to do so in a third amended complaint.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms with the addresses for Defendants C.O. Fumes, C.O. Clark, Dr. Ulloa, and Dr. Magill, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

        SO ORDERED.

Dated: February 12, 2021
       White Plains, New York

        NELSON S. ROMÁN
        United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. Fumes
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

2. C.O. Clark
   Westchester County Jail
   10 Wood Road
   Valhalla, New York 10595

3. Dr. Ulloa
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

4. Dr. Magill
   Westchester County Medical Center
   100 Woods Road
   Valhalla, New York 10595