USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____9/6/2023____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM ALBERTO FELIZ,

                    Plaintiff,

    -against-

DR. MAGILL and DR. ULLOA,

                    Defendants.

7:20-CV-06392 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Plaintiff, a former pre-trial detainee at Westchester County Jail, commenced this *pro se* action under 42 U.S.C. § 1983. He asserts that Defendants C.O. Fumes, C.O. Clark, Dr. Ulloa, and Dr. Magill violated his constitutional rights. In the Second Amended Complaint, Plaintiff alleges he tripped on a crack on the ground of a basketball court and was thereafter denied timely and adequate medical care for the resulting injury to his hand. (Second Amended Complaint ("SAC"), ECF No. 8.) The Court dismissed Plaintiff's claims against Defendants Fumes and Clark in an Order dated February 12, 2021. (ECF No. 10.) On May 4, 2021, Defendant Dr. Magill answered the Complaint. (ECF No. 13.) Defendant Dr. Ulloa never answered the Complaint, nor does it appear Dr. Ulloa was served with process.[1] Presently before the Court is Dr. Magill's motion to dismiss the Second Amended Complaint.[2] (ECF No. 20.) For the following reasons, the Court GRANTS Defendant's motion.

---

[1] By order dated February 12, 2021, the Court directed service upon Defendants Dr. Magill and Dr. Ulloa via the U.S. Marshals Service. (ECF No. 10.) In that order, the Court reminded Plaintiff that it is his responsibility to request an extension of time if the parties are not timely served. No affidavit of service appears on the record, and Plaintiff has not filed an extension request of the time to effect service.

[2] Defendant's motion is unopposed. The Court issued a briefing schedule at ECF No. 18. It is unclear whether Plaintiff ever received the Court's order or Defendant's papers. Although Plaintiff was reminded to update

## BACKGROUND

In March 2020, while being held at Westchester County Jail as a pre-trial detainee, Plaintiff "fell during a basketball game due to a crack on the floor." (SAC at 4.)  Plaintiff broke his hand. (*Id.*)  Plaintiff waited four days before he saw a practitioner, and another two weeks passed before he was transferred to Westchester Medical Center.  (*Id.*)  At Westchester Medical Center, he received "x-rays," which were misdiagnosed by Dr. Ulloa.  (*Id.*)  Dr. Ulloa approved the x-rays and signed paperwork "saying [Plaintiff] was fine." (*Id.*)  This "misdiagnosis" forced Plaintiff to suffer "more trauma because they weren't going to do anything about it." (*Id.*)  Dr. Ulloa "said [Plaintiff's hand] wasn't broken," but "it was." (*Id.*)  Four months later, Dr. Magill performed surgery on Plaintiff's broken hand, which had since been diagnosed as broken.  (*Id.*)  As a result of this surgery, Plaintiff suffered nerve damage, including loss of feeling and motion in two fingers. (*Id.*)

## LEGAL STANDARDS

### I.      Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed.R.Civ.P. 12(b)(6).  In ruling on a motion to dismiss, a "court

the Court of any changes in his address (ECF No. 10), the Court has received returned mail after sending its orders at ECF Nos. 18 and 25 to Plaintiff's address listed on ECF.

may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted).  Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555.  The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

The court should read *pro se* complaints "to raise the strongest arguments that they suggest." *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[E]ven after *Twombly*, though, we remain obligated to construe a *pro se* complaint

liberally."). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## II.     Section 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

Read liberally, Plaintiff's Second Amended Complaint includes Section 1983 claims for deliberate indifference to medical needs against Defendant Dr. Magill.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. However, the Eighth Amendment's protection extends beyond claims of a disciplinary context and further "imposes a duty on prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). The Supreme Court concluded that "deliberate indifference to an inmate's medical needs is cruel and unusual punishment" because "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citation omitted).

To satisfy an Eighth Amendment claim for inadequate medical care, a plaintiff must demonstrate: (1) an objectively serious medical need, which "exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'" and (2) Defendant's subjective "deliberate indifference," measuring whether the prison official acted with a sufficiently culpable state of mind. *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

To establish that a medical condition was "sufficiently serious" a plaintiff must allege "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Coke v. Med., Dep't of Corr. & Cmty. Supervision*, No. 17-CV-0866 (ER), 2018 WL 2041388, at *3 (S.D.N.Y. Apr. 30, 2018). There are various relevant factors that the court may consider when deciding whether a medical condition is "sufficiently serious" including: chronic and substantial pain or presence of a medical condition that significantly affects an individual's daily activities. *Id.* However, an actual physical injury is not necessary to claim inadequate medical care. *Smith v.*

*Carpenter*, 316 F.3d 178, 188 (2d Cir. 2003). Rather, a sustainable inadequate medical care claim can be based on an inmate's exposure to an unreasonable risk of future harm. *Id.* Nonetheless, as the Supreme Court noted, a prison officials' duty is only to provide reasonable care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Additionally, "[m]edical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness – 'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (noting that an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind" (quotations omitted)); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (observing that "negligent malpractice do[es] not state a claim of deliberate indifference"); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation").

The Supreme Court has explained that an Eighth Amendment violation occurs when a prison official demonstrates "'deliberate indifference' to a substantial risk of serious harm." *Farmer*, 511 U.S. at 837. This standard assesses whether the charged defendant had a mental state of mind equivalent to criminal recklessness wherein the official knew and disregarded an "excessive risk to inmate health or safety." *Id.*; *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (noting that "deliberately refus[ing]" to treat a medical condition "with conscious disregard of the substantial risk of serious harm" constitutes deliberate indifference).

6

Consequently, mere negligence is insufficient to state a claim of deliberate indifference.  *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017).  Instead, a defendant's conduct must reveal an element of intention or recklessness.  *Id.* ("A detainee must prove that an official acted intentionally or recklessly, and not merely negligently").

Giving Plaintiff every favorable inference and construing Plaintiff's Second Amended Complaint in the most favorable light, "taking its factual allegations to be true," the allegations fail to state a plausible claim.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  Plaintiff cannot show deliberate indifference by the Defendant sufficient to satisfy the subjective prong of the analysis.  There are no allegations suggesting Defendant Dr. Magill knew of and intentionally disregarded an excessive risk to Plaintiff's health, let alone that Defendant acted in a way that resulted "in unquestioned and serious deprivations of basic human needs."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Plaintiff's "allegations of negligence or error amounting to medical malpractice are insufficient to sustain a claim of deliberate indifference under section 1983." *Nisvis v. New York State Dep't of Corr. Servs.*, No. 11 CIV. 2004 PGG GWG, 2013 WL 4757839, at *5 (S.D.N.Y. Sept. 4, 2013) (collecting cases) (holding that plaintiff failed to state a claim for deliberate indifference against prison doctor where plaintiff experienced "pain and suffering" in right arm following surgery); *see Hernandez v. Keane*, 341 F.3d 137, 145–46 (2d Cir. 2003) (holding no Eighth Amendment violation occurred—even where doctor failed to remove pins from plaintiff's broken hand after hand surgery—because the "evidence . . . suggests at most several acts of negligence over a prolonged period") (citations omitted).  Thus, Plaintiff's claims must be dismissed as they do not rise to the level of deliberate indifference.

**CONCLUSION**

The Court GRANTS Defendant Dr. Magill's motion to dismiss.  The Court dismisses Plaintiff's claims against Dr. Magill without prejudice.

Plaintiff is granted leave to replead those claims that were dismissed without prejudice.  He may file a Third Amended Complaint consistent with this Opinion & Order on or before October 23, 2023.  Failure to file a Third Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal with prejudice of all claims that this Court has dismissed without prejudice in this Opinion.  Plaintiff is further advised that an amended  complaint, in this case a third amended complaint, completely supplants the previous complaint. In other words, he must include all allegations he wishes to be considered in the Third Amended Complaint, and if he fails to include any allegations, he cannot rely upon the fact that he previously asserted allegations in previous complaints.  The Court will not be consolidating  multiple  complaints.  A Third Amended prisoner civil rights complaint form is attached to this Opinion.  If Plaintiff files a Third Amended Complaint, remaining Defendants are directed to file an answer or otherwise seek leave to move in response to the Second Amended  Complaint  on  or  before  November 13, 2023.

Plaintiff is advised that he may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court.  The clinic is run by a private organization; it is not part of, or run by, the Court.  It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI.  If parties have

questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-5190.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  A copy of the flyer with details of the clinic is attached to this order.

The Clerk of the Court is respectfully directed to mail a copy of this Opinion & Order and a docket sheet to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

SO ORDERED.

Dated:   September 6, 2023
         White Plains, New York

_____
          NELSON S. ROMÁN
       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

THIRD **AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                         State              Zip Code

_____        _____
Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 4:

    First Name                    Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City                 State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190
>
> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

